**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

TAYUAN A. CHISM, SR.,

      Plaintiff,

        v.                         CAUSE NO. 3:25-CV-1048-TLS-JEM

CENTURION,

      Defendant.

**OPINION AND ORDER**

When this case was screened under 28 U.S.C. § 1915A, the Court found it did not state a claim and granted Tayuan A. Chism, Sr., a prisoner without a lawyer, until January 22, 2026, to file an amended complaint. ECF 4. When that deadline passed without a response, this case was dismissed. ECF 5. Chism then filed a motion to reconsider which the Court construed under Federal Rule of Civil Procedure 60(b)(1) because it argued he "wasn't able to respond within the set time frame due to plaintiff receiving <u>the court order</u> February 20, 2026, due to my legal mail being given to another offender resulting from a bed move." ECF 7 at ¶ 2 (emphasis added). Under Federal Rule of Civil Procedure 60(b)(1), "the court may relieve a party . . . from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). An order granting relief under Rule 60(b) is an "extraordinary" remedy reserved for "exceptional circumstances." *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020).

If Chism did not receive the order setting the deadline until after the deadline had passed, that would demonstrate good cause to reopen this case. But Chism's motion to reconsider was ambiguous. It said he did not receive "the court order" without explaining whether it was the deadline order issued December 22, 2025, or the dismissal order issued February 6, 2026. *See*

ECF 4 and 5. Because it seemed probable that Chism was describing the mis-delivery of the dismissal order (rather than the deadline order), the motion to reconsider was taken under advisement and he was granted until May 31, 2026, to explain further why the Court should reopen the case. ECF 8.

In response, Chism filed the Affidavit of Damon Lee Rice. ECF 10-1. Rice says he received both the deadline order and the dismissal order, but he does not say when. He says he got them because he was assigned to the cell previously occupied by Chism. He says he gave these orders to prison officials who gave them to Chism, but he does not say when. This Affidavit does not resolve the ambiguity of the motion to reconsider. It does not show this case should be reopened. The motion to reconsider will be denied.

Chism also filed a motion asking for additional time to gather medical/mental health documents so he can add new defendants to this case. ECF 10. Because this case is closed, there is no basis for adding defendants and this motion will be denied.

For these reasons, the motions (ECF 7 and 10) are denied.

SO ORDERED on May 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

2